# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2016-0271, <u>State of New Hampshire v. Daniel Perez</u>, the court on August 1, 2017, issued the following order:**

Having considered the brief, memorandum of law, and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The defendant, Daniel Perez, appeals his convictions, following a jury trial, on one count of aggravated felonious sexual assault, one count of attempted aggravated felonious sexual assault, and three counts of felonious sexual assault, <u>see</u> RSA 629:1 (2016); RSA 632-A:2, I(l), II (2016); RSA 632-A:3, III (2016), arguing that the Superior Court (<u>Schulman</u>, J.) erred in denying his motion to suppress statements allegedly obtained in violation of his <u>Miranda</u> rights, <u>see</u> <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966), under the State and Federal Constitutions. He also argues that the Superior Court (<u>Anderson</u>, J.) may have erred in failing to disclose certain documents that it reviewed <u>in camera</u>.

We first address the suppression issue under the State Constitution and rely upon federal law only to aid our analysis. <u>State v. Ball</u>, 124 N.H. 226, 231-33 (1983). "Before a statement can be admitted into evidence, the State has the burden of proving beyond a reasonable doubt that the defendant was apprised of his or her constitutional rights and that the subsequent waiver was voluntary, knowing and intelligent." <u>State v. Pyles</u>, 166 N.H. 166, 168 (2014) (quotation omitted). "On appeal, we will not reverse the trial court's finding on the issue of waiver unless the manifest weight of the evidence, when viewed in the light most favorable to the State, is to the contrary." <u>Id</u>. (quotation omitted).

The defendant asserts that although the officer who interviewed him at the police station "carefully read the rights portion of the [<u>Miranda</u>] form" to him and "ascertained that he understood each right," the officer did not read the waiver section to the defendant or ascertain that he understood it. Therefore, the defendant argues, the evidence failed to show that he knowingly and intelligently waived his <u>Miranda</u> rights.

Officer Geha of the Salem Police Department testified at the suppression hearing that he spoke with the defendant in English, and that the defendant did not appear to have any difficulty understanding him. Geha also testified that the defendant spoke in English, in complete sentences, and that he did

not have any difficulty understanding the defendant. Geha testified that he read the Miranda rights aloud to the defendant "line-by-line," that he asked the defendant if he understood each right, and that he proceeded to the next line on the form only after the defendant confirmed that he understood what the officer had just read to him. Geha testified that after reading all of the defendant's Miranda rights aloud, the defendant "acknowledge[d] that he understood them all." The officer gave the form to the defendant for him to read and sign and told him to disregard the line regarding custody because he was not in custody.

Officer Geha testified that he did not read aloud the waiver section of the form, which follows the statement of rights, and which begins: "HOWEVER You may waive the right to advice of counsel and your right to remain silent and answer questions or make a statement without consulting a lawyer if you so desire." The waiver section also states that the defendant waives his Miranda rights "freely and voluntarily, without threat or intimidation and without any promise of reward or immunity." The defendant, as instructed, disregarded the line regarding custody, signed the form, dated it, and wrote down the time, all in the correct places on the form. When Geha was asked if he explained to the defendant the significance of signing the form, Geha testified that he "asked [the defendant] [if] he was willing to speak with me about this incident and [he] says okay."

In his motion to suppress, the defendant alleged that he has "an 8th grade education and left school because of a learning disability which interfered with his ability to read and write." However, the defendant did not testify at the suppression hearing, and no evidence of a learning disability or inability to read and write English was introduced at the hearing. At trial, the defendant testified that he "can't read and write that good," and then testified that he does not "know how to read." On cross-examination, he testified that he told Geha that he "can't read," and that Geha told him to sign the form anyway. The defendant does not contend that he renewed his motion to suppress at trial; therefore, we limit our review to the suppression record upon which the trial court based its decision. State v. Gonzalez, 143 N.H. 693, 697 (1999); accord State v. Pseudae, 154 N.H. 196, 200 (2006). No evidence introduced at the suppression hearing suggests that the defendant could not read and understand the waiver form that he signed. On the contrary, Geha's testimony supports the trial court's conclusion that the defendant waived his Miranda rights. Based upon this record, we conclude that the State met its burden of proving beyond a reasonable doubt that the defendant's waiver was voluntary, knowing and intelligent. See State v. Pyles, 166 N.H. at 168. Because the Federal Constitution affords the defendant no greater protection than does the State Constitution under these circumstances, see id.; Colorado v. Connelly, 479 U.S. 157, 168 (1986), we reach the same result under the Federal Constitution as we do under the State Constitution.

The defendant next argues that the trial court may have erred in failing to disclose certain documents that it reviewed in camera. The record shows that the trial court ordered records from the victim's school and the Massachusetts Department of Children and Family Services to be submitted for in camera review. After conducting its in camera review, the court ordered disclosure of certain records that it deemed were essential and reasonably necessary to the defense, subject to a protective order. See State v. Guay, 162 N.H. 375, 385 (2011) (defendant entitled to information "essential and reasonably necessary to the defense at trial"). The defendant argues that the trial court may have erred in failing to disclose records it reviewed in camera that it deemed were not essential and reasonably necessary to the defense. He argues that any information in the undisclosed records relating to the victim's motivation to lie, her knowledge about custody determinations, and "her mood during late May 2014," would be "essential and reasonably necessary" to his defense.

We review a trial court's ruling on whether to disclose confidential records after an in camera review for an unsustainable exercise of discretion. State v. Aldrich, 169 N.H. 345, 354 (2016). Based upon our review of the records, we are satisfied that the portions withheld contain no information that was essential and reasonably necessary to the defense. See id. Thus, we conclude that the trial court sustainably exercised its discretion in declining to disclose additional records.

Affirmed.

Dalianis, C.J., and Hicks, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,**
**Clerk**
